[No. G034707. Fourth Dist., Div. Three. Oct. 31, 2006.]

STEPHEN W. ESSLINGER, Plaintiff and Respondent, v.
KENNETH J. CUMMINS, as Trustee, etc., Defendant and Appellant.

## Counsel

Law Offices of Marjorie G. Fuller, Marjorie G. Fuller; Garrett & Heaton and Thomas B. Garrett for Defendant and Appellant.

Hart, King & Coldren, Robert S. Coldren, John H. Pentecost, Andrew C. Kienle and Irene L. Kiet for Plaintiff and Respondent.

## Opinion

**FYBEL, J.—**

### Introduction

Kenneth J. Cummins, as trustee of the Esslinger Family Trust (the Trustee), appeals from a probate court order compelling him to account to Stephen W. Esslinger (Stephen),[1] a remainder beneficiary. The Trustee argues Stephen, as a remainder beneficiary, lacked standing to petition the probate court for an order compelling the Trustee to account. Stephen moved to dismiss the appeal, contending the order is not appealable.

We conclude the order is appealable and hold a remainder beneficiary has standing under Probate Code section 17200, subdivision (b)(7) to petition the probate court for an order compelling a trustee to account. Probate Code section 16061 gives a remainder beneficiary the right to request information from the trustee and to petition the court under section 17200, subdivision (b)(7) for that information or a particular account if the trustee unreasonably fails to comply. The probate court has discretion to grant or deny such a petition. In this case, the probate court did not abuse its discretion in ordering the Trustee to account to Stephen. We therefore deny the motion to dismiss and affirm.

### Facts and Procedural History

Stephen is a remainder beneficiary of the Esslinger Family Trust (the Trust).[2] Stephen is a grandson of the trust settlor, Paul H. Esslinger.

---

[1] We refer to Stephen Esslinger by his first name for clarity, not out of disrespect.

[2] The Trust was established as an inter vivos trust by Paul H. Esslinger and Marie M. Esslinger in 1976. When Paul H. Esslinger died in 1982, the Trust was divided into Trust A, a revocable trust, and Trust B, an irrevocable trust. Trust A and Trust B subsequently were further divided. The Trust's distribution plans are somewhat complicated; it is suffice to say, and undisputed, that Stephen is a remainder beneficiary.

In June 2004, Stephen requested that the Trustee produce trust documents and account to him for the period from 1997 to the time of the request. The Trustee provided Stephen some information but declined to provide him an accounting on the ground he was not entitled to one as a remainder beneficiary.

In August 2004, Stephen filed a petition under Probate Code section 17200, subdivision (b)(7), demanding an accounting for the years 1997 through 2004 and seeking production of certain trust documents. The petition alleged Stephen is a remainder beneficiary of the Trust and complied with Probate Code section 16061 by previously demanding an accounting for the years 1997 through 2004. The petition alleged: "More than sixty (60) days has elapsed since delivery of the demand for an accounting. Despite these demands, no accounting was ever done by [the] Trustee." The petition prayed for an order directing the Trustee to account to Stephen for the period from September 15, 1997, to the date the petition was filed.

Stephen filed a supplemental petition in October 2004. The supplemental petition essentially is the same as the original but adds a request for production of trust documents in the prayer for relief.

In response to the petition, the Trustee alleged he had provided Stephen with all information to which he was entitled under the Probate Code, including accountings for the years 1996 through 1998. The Trustee asserted the accountings covering the years 1999 through 2003 were sent to all trust beneficiaries, including Stephen, in August 2004. In a supplemental response, the Trustee asserted Stephen, as a remainder beneficiary, lacked standing to seek an accounting under Probate Code section 16062, subdivision (a).

Stephen filed objections to the accountings he received from the Trustee. Stephen asserted the accountings were incomplete, requested the court to disallow the accountings, and requested the court to direct the Trustee to prepare "a true account" for the years 1999 through 2003.

At the hearing on Stephen's petition, the probate court stated, "[t]he court, under [Probate Code section] 17200, can order accountings in spite of [Probate Code section] 16062 in terms of any beneficiary that requests it." A minute order entered November 10, 2004, required the Trustee to prepare and file formal accountings for 1999 through 2003. The Trustee filed a notice of appeal from that minute order.

DISCUSSION

I.

*The Order Directing the Trustee to Prepare Accountings Is Appealable.*

Stephen moved to dismiss the appeal on the ground an order directing a trustee to account is not appealable. The order here is appealable because it decides, in effect, that Stephen has a right to an accounting. We therefore deny the motion to dismiss the appeal.

■ An appeal lies from any order made appealable by the Probate Code. (Code Civ. Proc., § 904.1, subd. (a)(10).) In the case of trusts, the Probate Code permits an appeal to be taken from any final order under Probate Code section 17200 et seq., with two exceptions, identified in Probate Code section 1304, subdivision (a). One exception is an order "[c]ompelling the trustee to submit an account or report acts as trustee." (Prob. Code, § 1304, subd. (a)(1).)

An order to account is appealable when it expressly or implicitly decides other issues that could be the subject of an appealable probate order. (*Evangelho v. Presoto* (1998) 67 Cal.App.4th 615, 622 [79 Cal.Rptr.2d 146] (*Evangelho*).) In *Evangelho*, trust beneficiaries petitioned for an accounting, alleging the trustee had diverted trust funds to a joint tenancy bank account she controlled. The probate court ordered the trustee to account for trust funds and transactions involving the bank account. On the trustee's appeal, the trust beneficiaries argued the order to account was not appealable. The court agreed an order granting an accounting is not appealable under Probate Code section 1304 and explained that "[u]ntil the accounting is made and the order sustaining objections or approving the accounting is entered, there is no appealable order." (*Evangelho, supra,* at p. 622.)

But in the next paragraph of the opinion, the court held the order was appealable because "the issue is broader than the order of a mere accounting" and "[the trustee]'s contention is that the court's order could not compel an accounting of the joint tenancy account because a joint tenancy account is an asset separate and distinct from the trust." (*Evangelho, supra,* 67 Cal.App.4th at p. 622.) The order compelling the trustee to account was appealable because it implicitly decided the joint tenancy account was a trust asset, which could be the subject of an appealable order.

Here, the probate court's order necessarily determined Stephen had the power or right to request an accounting. An order determining the existence of a power, duty, or right under a trust is appealable. (Prob. Code, §§ 1304, subd. (a), 17200, subd. (b)(2).) The probate court's order compelling the Trustee is therefore appealable.

Stephen argues the probate court did not decide the issue of standing because, under Probate Code section 17200, the probate court ordered accountings on its own motion. Section 17200 did not give the probate court jurisdiction to order accountings on its own motion. The probate court's jurisdiction under section 17200 to hear matters relating to the internal affairs of a trust is invoked by petition. "The clear legislative intent was to authorize the probate court to hear and decide any petition for instructions filed by a trustee regarding the internal affairs of a trust." (*Conservatorship of Irvine* (1995) 40 Cal.App.4th 1334, 1342 [47 Cal.Rptr.2d 587]; see also *Estate of Heggstad* (1993) 16 Cal.App.4th 943, 951 [20 Cal.Rptr.2d 433].)

We construe the probate court's order in a manner bringing it within our jurisdiction, rather than outside of it. Stephen petitioned for an accounting. The probate court ordered the Trustee to account. The order effectively, if not expressly, granted Stephen's petition, and we construe the order as such. We decline to consider the court's oral comments suggesting the court was ordering accountings on its own motion or use those comments to construe the minute order entered. (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1451 [125 Cal.Rptr.2d 277].)

Finally, if the probate court's order were not appealable, we would exercise our discretion to treat the appeal as a petition for writ of mandate. (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 745–747 [29 Cal.Rptr.2d 804, 872 P.2d 143]; *Connell v. Superior Court* (1997) 59 Cal.App.4th 382, 393–394 [69 Cal.Rptr.2d 231].)

II.

*Stephen, as a Remainder Beneficiary, Had Standing Under Probate Code Section 17200, Subdivision (b)(7) to Petition the Probate Court for an Order Compelling the Trustee to Account.*

A. *Probate Code Sections 16061 and 17200, Subdivision (b)(7)*

Did Stephen, a remainder beneficiary, have standing to petition the probate court to compel the Trustee to account? Probate Code section 16061 granted

Stephen the right to request information from the Trustee. Probate Code section 17200, subdivision (b)(7), under which Stephen brought his petition, granted him standing to seek an account after the Trustee denied his request.[3]

■ Probate Code section 17200 grants a trust beneficiary standing to petition the probate court "concerning the internal affairs of the trust." (Prob. Code, § 17200, subd. (a).) Subdivision (b) of section 17200 defines "internal affairs of a trust" to include a proceeding "[c]ompelling the trustee to report information about the trust or account to the beneficiary." (*Id.*, § 17200, subd. (b)(7).) The beneficiary may petition the court to compel the trustee to account only if "the trustee has failed to submit a requested report or account within 60 days after written request of the beneficiary and . . . no report or account has been made within six months preceding the request." (*Ibid.*)

Probate Code section 24 defines "beneficiary" of a trust to include "a person who has any present or future interest, vested or contingent."

Probate Code section 16061 states: "Except as provided in Section 16064, on reasonable request by a beneficiary, the trustee shall provide the beneficiary with a report of information about the assets, liabilities, receipts, and disbursements of the trust, the acts of the trustee, and the particulars relating to the administration of the trust relevant to the beneficiary's interest, including the terms of the trust." A Law Revision Commission comment to section 16061 states, "[i]f the trustee does not comply with the reasonable request of the beneficiary, information may be sought on petition pursuant to Section 17200(b)(7)." (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code (1991 ed.) foll. § 16061, p. 52.) We give the Law Revision Commission comments "substantial weight." (See *HLC Properties, Ltd. v. Superior Court* (2005) 35 Cal.4th 54, 62 [24 Cal.Rptr.3d 199, 105 P.3d 560].)

The Law Revision Commission also commented, "[a] beneficiary who is not entitled to an annual account under Section 16062 may be entitled to information or a *particular account* under this section." (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra,* foll. § 16061, p. 52, italics added.) We read "particular account" to mean particular to the beneficiary's request for information and petition under Probate Code section 17200,

---

[3] Stephen contends standing is not at issue because it is not specified in the notice of appeal. A notice of appeal need· not specify grounds for appeal but is sufficient if it identifies the particular judgment or order being appealed. (Cal. Rules of Court, rule 1(a)(2).) The Trustee's notice of appeal complied with that rule.

subdivision (b)(7). A particular account might be narrow or might be as broad as an accounting for a full year, depending on the relief the probate court considers appropriate under the circumstances. This reading is consistent with the probate court's power to exercise its discretion to "make any orders and take any other action necessary or proper to dispose of the matters presented by the petition." (Prob. Code, § 17206.)

Thus, under Probate Code section 16061, a remainder beneficiary may make a written request to the trustee for information. If the trustee does not comply with a reasonable request within 60 days after that request, and no report or account had been made within the six months preceding the remainder beneficiary's request, then a remainder beneficiary may petition the court under Probate Code section 17200, subdivision (b)(7), to compel the trustee to report information about the trust or to account.

Stephen is a remainder beneficiary of the Trust. He made a written request to the Trustee to produce information, documents, and accountings. The Trustee did not respond within 60 days of the written request, and no account had been made within the six months preceding Stephen's request. Thus, Stephen had standing under Probate Code section 17200, subdivision (b)(7) to petition the probate court for an order compelling the Trustee to provide an account under Probate Code section 16061.

Our interpretation renders Probate Code sections 16061 and 17200, subdivision (b)(7) consistent with the Restatement Second of Trusts, section 172, which recognizes a remainder beneficiary's right to petition a court to compel a trustee to account. Comment c to section 172 states: "The beneficiary may by a proper proceeding compel the trustee to render to the proper court an account of the administration of the trust. In many States[,] trustees . . . must submit their accounts at designated intervals to the proper court for its approval. The matter of accounting is regulated by statute in many States. [¶] The trustee may be compelled to account not only by a beneficiary presently entitled to the payment of income or principal, but also by a beneficiary who will be or may be entitled to receive income or principal in the future." (Rest.2d Trusts, § 172, com. c, p. 377.)

> B. *Probate Code Sections 16061 and 17200,*
> *Subdivision (b)(7) Harmonized with Section 16062.*

The Trustee argues Stephen did not have standing to petition the probate court for an accounting because Probate Code section 17200 serves only as a

procedural vehicle for enforcing a beneficiary's substantive rights created elsewhere in the Probate Code. In particular, the Trustee argues Probate Code section 16062 imposes no duty on a trustee to account to a remainder beneficiary, and, therefore, a remainder beneficiary lacks standing to petition the court to order an accounting under section 17200, subdivision (b)(7).

■ Probate Code section 16062, subdivision (a) states: "Except as otherwise provided in this section and in Section 16064, the trustee shall account at least annually, at the termination of the trust, and upon a change of trustee, to each beneficiary to whom income or principal is required or authorized in the trustee's discretion to be currently distributed." Probate Code section 16064 states the trustee is not required to provide information or account to a beneficiary when: (1) the trust instrument waives the report or account, (2) the trust may be revoked, (3) the beneficiary has waived in writing the right to a report or account, or (4) the beneficiary and the trustee are the same person.

A remainder beneficiary does not have a right to an accounting under Probate Code section 16062.[4] But as explained *ante*, Probate Code section 16061 gives the remainder beneficiary the right to request information from the trustee. If the trustee denies the request, then the remainder beneficiary may petition the probate court under Probate Code section 17200, subdivision (b)(7) to compel the trustee to provide the information or for a particular account. The Law Revision Commission recognized, "[a] beneficiary who is not entitled to an annual account under Section 16062 may be entitled to information or a particular account under [section 16061]." (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, foll. § 16061, p. 52.) While an accounting under section 16062 is mandatory, information or a particular account under section 16061, sought by petition under section 17200, subdivision (b)(7), lies within the probate court's discretion.

---

[4] The legislative history of Probate Code section 16062 provides little guidance in determining a remainder beneficiary's standing under Probate Code section 17200, subdivision (b)(7). Section 16062 continued without change former section 16062, enacted in 1986 (Stats. 1986, ch. 820, § 40, p. 2750) and repealed in 1990 (Stats. 1990, ch. 79, § 13, p. 463). (See Cal. Law Revision Com. com, 54A West's Ann. Prob. Code, *supra*, foll. § 16062, p. 53 [1990 enactment]; Historical and Statutory Notes, 54A West's Ann. Prob. Code, *supra*, foll. § 16062, p. 54.) Former section 16062, subdivision (a) added the requirement of an annual accounting, based on a rule previously applicable to testamentary trusts. (Cal. Law Revision Com. com, 54A West's Ann. Prob. Code, *supra*, foll. § 16062, pp. 53–54.) It also made a change in who could demand an accounting. The former rule applicable to testamentary trusts gave that right to "[a] trustee, beneficiary, or remainderman." (Former Prob. Code, § 1138.1, subd. (a)(5), repealed by Stats. 1986, ch. 820, § 31, p. 2744.) The remainder beneficiary's right to demand an accounting from the trustee was not carried forward into former section 16062, subdivision (a). However, the fact the Legislature revoked the remainder beneficiary's *right* to an accounting from the trustee does not mean the remainder beneficiary lost the ability to *ask* the court to order the trustee to account.

Nothing in Probate Code section 17200 suggests subdivision (b)(7) merely creates a procedure to enforce the trustee's duties imposed under Probate Code section 16062. Interpreting section 17200, subdivision (b)(7) in that fashion is contrary to the Law Revision Commission's conclusion a beneficiary may petition the court under that section to enforce compliance with Probate Code section 16061. The Trustee's interpretation also is contrary to the Legislature's intent, expressed in the language of section 17200, subdivision (b)(7), which permits the beneficiary to petition for an accounting once six months has expired since the last accounting. Under section 16062, subdivision (a), the trustee is not required to provide an accounting more often than annually, at the termination of the trust, and upon a change of trustee. Because section 17200, subdivision (b)(7) allows the beneficiary to petition for an accounting before the trustee's duty to account arises under section 16062, the Legislature could not have intended the former to be only an enforcement mechanism for the latter.

The Trustee's construction of Probate Code sections 16062 and 17200, subdivision (b)(7) thus impairs a beneficiary's ability to protect his or her interest in the trust. Under the Trustee's interpretation, any beneficiary—including current, income beneficiaries—would be able to receive an accounting only once a year, on the termination of a trust, or on a change of trustee. Except in those three situations, under the Trustee's theory the probate court would be powerless to grant a current beneficiary's petition to compel a trustee to account—even if an accounting were needed urgently to protect a trust.

In addition, Probate Code section 16062 states the trustee's duty to account does not apply to trusts created before July 1, 1987, unless the trust has been removed from continuing court jurisdiction. If Probate Code section 17200, subdivision (b)(7) was solely an enforcement mechanism for duties imposed by section 16062, then a court would be powerless to order an accounting for a trust created before July 1, 1987, and remaining under continuing court jurisdiction.

A Law Revision Commission comment to Probate Code section 17200 states, "[f]or limitations on the right of a beneficiary to compel the trustee to account or report under paragraph (7), see Sections 15800 and 16060–16064." (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, foll. § 17200, p. 194.) The Trustee argues Probate Code section 16062 creates one such limitation described in the Law Revision Commission comment by imposing no duty on the trustee to account to a remainder beneficiary. But, as discussed *ante*, section 16062 does not limit a beneficiary's right to petition the court for an accounting, and Probate Code section

16061 grants a remainder beneficiary the right to ask the trustee for information. The limitations to which the Law Revision Commission comment refers are found elsewhere within Probate Code sections 15800 and 16060 through 16064. For example, section 16064, in contrast to section 16062, expressly limits the trustee's duty to account by stating the "trustee is not required to report information or account to a beneficiary" in the four situations identified in the statute.

■ Probate Code section 16062 places a duty on the trustee to provide annual accountings to income beneficiaries. The trustee does not have a statutory duty to account to remainder beneficiaries. However, a remainder beneficiary may request information from the trustee under Probate Code section 16061. If the trustee does not reasonably comply with the request, the remainder beneficiary may petition to the probate court under Probate Code section 17200, subdivision (b)(7) to order the trustee to provide information or a particular account if the trustee did not do so voluntarily within 60 days after the beneficiary's request for information under section 16061. The probate court has discretion to grant the petition and order the trustee to account to the remainder beneficiary.

Our interpretation of the Probate Code harmonizes sections 16061, 16062, and 17200, subdivision (b)(7) in a manner that protects a remainder beneficiary's interests without imposing additional mandatory duties on the trustee. Further, as explained *ante*, this interpretation makes section 17200, subdivision (b)(7) consistent with the Restatement Second of Trusts, section 172.

### CONCLUSION AND DISPOSITION

■ As a remainder beneficiary, Stephen had standing to petition the probate court pursuant to Probate Code section 17200, subdivision (b)(7) to compel the Trustee to provide information or a particular account under Probate Code section 16061. In its order, the court specifically stated it was making its order under section 17200, which grants the probate court authority to make decisions concerning the internal affairs of a trust, including ordering the trustee to report information or to account to a beneficiary under section 16061. We read the probate court's order as determining the particular accounts which Stephen should receive were formal accounts for the years 1999 through 2003. The Trustee does not assert the probate court

abused its discretion by ordering accountings, and we find no abuse of discretion. The probate court did not order the Trustee to provide formal accounts in the future.

The November 10, 2004 probate court order compelling the trustee to account is affirmed. Respondent to recover costs on appeal.

Aronson, J., concurred.

**BEDSWORTH, Acting P. J.,** Dissenting.—I must respectfully dissent. While this is a difficult call, I cannot agree that Probate Code section 16061 or Probate Code section 17200, subdivision (b)(7)[1] permits a remainder beneficiary of a pre-July 1, 1987 living trust to petition for an annual accounting that he is denied under section 16062. The majority's well-intentioned effort is based on a reading of the applicable statutes that is fundamentally at odds with my understanding of them.

The majority concludes that a section 16061 particular account may include an "accounting for a full year, depending on the relief the probate court considers appropriate under the circumstances." (Maj. opn., *ante,* at p. 525.) It then reads the trial court's order as finding that, in effect, a statutory annual accounting (formal account) was needed to protect plaintiff Stephen W. Esslinger's interests, and affirms the order as one properly made under section 16061. I think that misreads both the scope of section 16061 and the decision below.

I cannot agree that a remainderman may have an annual accounting under the guise of a section 16061 particular accounting. A broad accounting—yes. One as broad as needed to protect his interests—yes, again. But not an annual accounting under section 16062, with its attendant statutorily-required schedules and detail. (§§ 16063, 1060–1064.) To my mind, that is what the Law Revision Commission comment to section 16061 means when it says "[a] beneficiary who is *not entitled to an annual account* under Section 16062 may be entitled to information or a particular account under this section." (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code (1991 ed.) foll. § 16061, p. 52 [1990 enactment], italics added.)

Nor do I believe a particular accounting was ordered in this case. To begin with, Stephen did not ask for one. The petition alleged Stephen had complied with section 16061 in making a demand on the trustee, but what he demanded, and sued for, was a statutory annual accounting available only

---

[1] All further statutory references are to the Probate Code.

under section 16062. And that is what the trial court ordered. The issue of a particular account was not raised, no evidence was offered as to what information Stephen needed, and no decision was made as to what was necessary to protect his interests, all of which would be required for a section 16061 petition. So I cannot agree that the trial court acted under section 16061, nor that the relief ordered was within its power under that statute.

I must also take exception to the majority's suggestion that section 17200, subdivision (b)(7) permits a court to order an annual accounting that cannot be had under section 16062. Here, my concern is the Law Revision Commission comment that states: "For limitations on the right of a beneficiary to compel the trustee to account or report under paragraph (7), see Sections 15800 and 16060–16064." (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, foll. § 17200, p. 194 [1990 enactment].)

Reasonably read, the Law Revision Commission comment to section 17200, subdivision (b)(7) means the right to petition for a report of information or accounting is limited by the section 16062 and section 16061 rules: A remainderman does not get an annual accounting (§ 16062, subd. (a)), the trustee of a pre-July 1, 1987 living trust is exempted from the duty to render an annual accounting to anyone (§ 16062, subd. (b)), and a beneficiary denied an annual accounting may still have a particular account. (§ 16061.)

Since Stephen is a remainderman, and this is a pre-July 1, 1987 living trust, he is not entitled to an annual accounting under section 16062. As a beneficiary denied an annual accounting, he is entitled to a report of information that may include a particular account under section 16061. But what Stephen cannot have under section 16062—an annual accounting—he should not be allowed to obtain under either section 16061 or section 17200.

The majority avoids the Law Revision Commission comment to section 17200, subdivision (b)(7) by reading the word "limitation" as referring only to portions of sections 16060 to 16064 that expressly say something such as " 'the trustee is not required to' " perform a certain act. (Maj. opn., *ante*, at p. 528.) I think they are wrong.

Theirs is a narrow, subjective reading of the word "limitation," and there is nothing in the comment or elsewhere to suggest it was intended. A limit is, after all, "something that bounds, restrains, or confines," and a limitation is "a restriction or restraint imposed from without." (Webster's 3d New Internat. Dict. (1981) p. 1312.) To my mind, the only reasonable reading of the comment is that sections 16061 and 16062 are restrictions or restraints on a beneficiary's rights under section 17200, subdivision (b)(7).

My colleagues' rationale for this construction of section 17200, subdivision (b)(7) is that it harmonizes sections 16061, 16062 and 17200, subdivision (b)(7). They are also concerned that a beneficiary's ability to protect his interests would be impaired if he were denied the right to petition for an annual accounting under section 17200, subdivision (b)(7). I do not believe either point withstands analysis.

There is no need to harmonize the provisions if one accepts the section 17200 Law Revision Commission comment at face value. It seems to me the majority creates an inconsistency where none exists only by its strained reading of the comment, and then exerts herculean efforts to "remedy" that inconsistency.

The majority also suggests that section 17200, subdivision (b)(7) may allow a court to order an annual accounting by a trustee of a trust created prior to July 1, 1987. I think that is contrary to the plain language of section 16062, subdivision (b).

The limitation regarding pre-1987 trusts in section 16062, subdivision (b) represented a choice by the Legislature. In my view, it is one we must abide by. The requirement of an annual account was first imposed with the adoption of former section 16062. (Stats. 1986, ch. 820, § 40, p. 2750, operative July 1, 1987, repealed by Stats. 1990, ch. 79, § 13, p. 463.) Subdivision (b) was inserted to make it clear that the new rule did not apply to trusts in existence on the operative date of the new rule. (18 Cal. Law Revision Com. Rep. (1986) p. 673.[2]) Current section 16062 continues without change former section 16062 of the repealed Probate Code. (See Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, foll. § 16062, p. 53 [1990 enactment].)

The Legislature having seen fit to expressly provide that the annual account requirement applied prospectively only to trusts created after July 1, 1987, it ill behooves us to now suggest it should be applied retroactively. Without regard to Stephen's status as a remainderman, the trustee of the instant pre-1987 living trust is exempt from the annual account requirement under section 16062, subdivision (b). The majority's dissatisfaction with that result has convinced them a right to such an accounting may be found in section 17200, subdivision (b)(7). It has not convinced me.

---

[2] The Law Revision Commission comment to former section 16062 states: "Subdivision (b) makes clear that the annual accounting required by subdivision (a) does not apply to pre-operative date trusts. This section does not affect any requirement for an account that may exist under prior law, whether pursuant to a statute, trust instrument, or court order." (18 Cal. Law Revision Com. Rep. (1986) p. 673.)

In my view, the order appealed from should be reversed because Stephen is not entitled to an annual accounting. I would remand the matter with directions to consider the petition as one for relief under section 16061 and allow such further proceedings in that regard as may be proper.

A petition for a rehearing was denied November 27, 2006, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied January 17, 2007, S148651. Moreno, J., did not participate therein.