Filed 10/23/25  Coxe v. Vilk-Coxe CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DANIEL F. COXE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SOPHIE VILK-COXE, as Trustee, etc.,<br><br>    Defendant and Appellant. | G064960<br><br>(Super. Ct. No. 30-2024-01371243)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Ebrahim Baytieh, Judge. Affirmed.

The Fox Firm and Melissa J. Fox for Defendant and Appellant.

Law Offices of Gary E. Shoffner and Gary E. Shoffner for Plaintiff and Respondent.

\*          \*          \*

Although a trustee has no duty to provide an accounting of a trust to a remainder beneficiary, the remainder beneficiary may request information from the trustee. If the trustee does not reasonably respond, the remainder beneficiary can file a petition for an accounting. A probate court may then—within its discretion—order the trustee to provide an accounting. (*Esslinger v. Cummins* (2006) 144 Cal.App.4th 517, 528 (*Esslinger*).)

Defendant Sophie Vilk-Coxe (Mrs. Coxe) is the trustee and current beneficiary of the Frank Sidney Coxe Trust (the Trust). Frank Sidney Coxe (Mr. Coxe) is deceased. Plaintiff Daniel F. Coxe (Daniel) is a remainder beneficiary and Mr. Coxe's adult son from a prior marriage. Daniel requested information about the Trust from Mrs. Coxe. Daniel later filed a petition in the probate court (the trial court) for an accounting. Daniel argued to the court that the information he had received about the Trust was inadequate. After a bench trial, the court ordered Mrs. Coxe to provide an accounting.

Mrs. Coxe claims that the trial court erred. We find that the court did not abuse its discretion. Thus, we affirm the judgment.

I.

FACTS AND PROCEDURAL BACKGROUND

On March 12, 2012, Mr. Coxe and Mrs. Coxe married. Mr. Coxe had three adult children from a former marriage (Daniel and his two siblings).

On March 27, 2012, Mr. Coxe executed an amendment and restatement of the Trust. Mr. Coxe was the trustee. Upon his death, Mrs. Coxe was to become the successor trustee. The Trust directs Mrs. Coxe "to hold, administer, invest, and reinvest . . . the trust estate, for her benefit and apply so much of the net income and principal thereof as the Trustee in its

2

discretion shall deem necessary for such person's reasonable health, education, support and maintenance." Upon Mrs. Coxe's death, the remaining trust assets were to be divided equally among Mr. Coxe's three children or their issue.

On January 8, 2021, Mr. Coxe passed away and Mrs. Coxe became the trustee and current beneficiary of the Trust.

On June 8, 2022, Daniel sent a letter to Mrs. Coxe's counsel asking for "a report of information about the assets, liabilities, receipts, and disbursements of the Trust." The letter stated that if a report and other information was not received "within 60 days of this letter we will petition the court for it."

On July 27, 2022, Mrs. Coxe's counsel responded to the letter. Counsel stated that the assets of the Trust consisted of a home (about $1.3 million), two brokerage accounts (about $1.5 million), and other real property (about $3,000). Counsel stated that after Mr. Coxe's death, Mrs. Coxe had transferred $100,000 from one of the brokerage accounts into a bank account. Counsel specified that Mrs. Coxe had spent $97,300 for repairs and upgrades to the home, and that she had gifted $10,000 to each of Mr. Coxe's eight grandchildren ($80,000). The letter included copies of year-end statements and other documents.

On June 28, 2023, Daniel sent a second letter. Daniel asserted counsel's response did not reasonably inform him as to the assets of the Trust and its administration. Daniel identified nine "deficiencies," including that the brokerage statements were incomplete, the report did not include a valuation of the Trust as of the date of Mr. Coxe's death, and most of the expenditures were not supported by copies of checks. Daniel also asserted that the $80,000 in gifts to the grandchildren from the Trust's assets were

3

not permitted under the terms of the Trust.

On September 29, 2023, Mrs. Coxe's counsel responded to Daniel's second letter. Counsel stated that Mrs. Coxe had no duty to provide an accounting to remainder beneficiaries of the Trust. Counsel acknowledged that Mrs. Coxe "'has a duty to keep the beneficiaries of the trust reasonably informed of the trust and its administration.'" However, counsel asserted: "The requests contained in your [June 28, 2023, letter] go far beyond a reasonable standard of being informed."

*Court Proceedings*

On January 9, 2024, Daniel filed a petition in the trial court. Daniel requested an order for a "complete informational report and accounting by trustee." (Capitalization omitted.) After stating the background facts, Daniel argued that Mrs. Coxe, "as Trustee, has failed to comply with Petitioner's reasonable request for information." Within the prayer for relief, Daniel requested "an information report," and "a complete accounting," and "such other and further relief as this Court deems just and proper."

On May 28, 2024, Mrs. Coxe filed a response. Mrs. Coxe summarized the information that she had previously provided to Daniel. Mrs. Coxe stated that she "denies that she has any duty whatsoever to provide additional Trust information to Petitioner."

On September 16 and 17, 2024, the court presided over a bench trial and heard the testimony of Daniel and Mrs. Coxe. The court later filed an eight-page ruling, which granted Daniel's request for a formal accounting (the witness testimony and the court's ruling will be summarized in the discussion section of this opinion).

4

## II.

## DISCUSSION

Mrs. Coxe claims the trial court erred in granting Daniel's petition for an accounting. We disagree because we find that the court's ruling was not arbitrary or capricious.

"A probate court generally has discretion to grant or deny a petition for an accounting, and the court's decision is reviewed for abuse of discretion." (*Conservatorship of Farrant* (2021) 67 Cal.App.5th 370, 376.)

"The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712, fns. omitted.)

"'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

In this part of the discussion, we shall: A) review relevant legal principles concerning trusts; B) summarize what occurred in the trial court; and C) analyze the law as applied to the facts.

### A. Relevant Legal Principles

"A trust is a fiduciary relationship with respect to property in which the person holding legal title to the property—the trustee—has an equitable obligation to manage the property *for the benefit of another*—the beneficiary." (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1133–1134.)

5

"The trustee has a duty to keep the beneficiaries of the trust reasonably informed of the trust and its administration." (Prob. Code, §16060.) [1] Generally, a trustee must "account at least annually, at the termination of the trust, and upon a change of trustee, to each beneficiary to whom income or principal is required or authorized in the trustee's discretion to be currently distributed." (§ 16062.) An accounting must contain certain information, including a statement of receipts and disbursements, and a statement of the trust's assets and liabilities. (§ 16063.)

A current beneficiary receives income from a trust while it is in effect; a remainder beneficiary receives the remaining trust assets after the current beneficiary's interest ends. (§ 16321 (c)(1)(A) & (B).)

A remainder beneficiary, who is not entitled to current distribution of income or principal, does not have a right to an accounting under section 16062. (*Esslinger, supra,* 144 Cal.App.4th at p. 526.) However, under section 16061, a remainder beneficiary does have a right to request information from the trustee. Section 16061 provides, in part, that "'on reasonable request by a beneficiary, the trustee shall provide the beneficiary with a report of information about the assets, liabilities, receipts, and disbursements of the trust, the acts of the trustee, and the particulars relating to the administration of the trust relevant to the beneficiary's interest, including the terms of the trust.'" (*Esslinger*, at p. 524.)

The *Esslinger* court explained the interplay between the various sections as follows: "Probate Code section 16062 places a duty on the trustee to provide annual accountings to income beneficiaries. The trustee does not

---

[1] Further undesignated statutory references are to the Probate Code. When referring to statutory subparts, we omit repetition of the word "subdivision" or its abbreviation.

6

have a statutory duty to account to remainder beneficiaries. However, a remainder beneficiary may request information from the trustee under section 16061. If the trustee does not reasonably comply with the request, the remainder beneficiary may petition to the probate court under section 17200, subdivision (b)(7) to order the trustee to provide information or a particular account if the trustee did not do so voluntarily within 60 days after the beneficiary's request for information under section 16061. The probate court has discretion to grant the petition and order the trustee to account to the remainder beneficiary." (*Esslinger, supra,* 144 Cal.App.4th at p. 528.)

*B. Court Proceedings*

At the start of the trial, the parties filed a joint list of stipulated facts and a joint list of controverted issues. The two identified issues were: "1. Is the Petitioner a 'contingent remainder beneficiary' or is he a 'vested remainder beneficiary'? [¶] 2. Is the Petitioner entitled to a full accounting from the Respondent or something less?"

On direct examination, Daniel testified that he was currently retired, but he had previously worked as an estate planning attorney for approximately 20 years. Daniel answered questions regarding the contents of the letters exchanged between himself and Mrs. Coxe's attorney (prior to the filing of the petition). Daniel generally testified that the information concerning the Trust that had been provided to him by Mrs. Coxe's attorney was incomplete. As to the $10,000 gifts to the eight grandchildren, Daniel opined that Mrs. Coxe did not have the "right under the Trust to make those gifts." Daniel said that he felt an accounting was necessary, in part, to inform him if there were any additional gifts.

On cross-examination, Daniel testified that the information he

7

was given by Mrs. Coxe's attorney regarding the valuation of the Trust was as of January 31, 2021, rather than the date of his father's death (January 8, 2021). Daniel said that based on his experience as an estate planning attorney, "the proper way . . . is to give the date of death value. That's the starting value of the account."

On direct examination, Mrs. Coxe testified that prior to Mr. Coxe's death, they were both avid traders in securities. Mrs. Coxe testified that Mr. Coxe had taught her how trade securities and she also studied on her own. Mrs. Coxe said she was trading securities with Trust assets in order "to generate more income in dividends." When asked if she had spent about $100,000 to refurbish the house, Mrs. Coxe said she had spent about $185,000. Mrs. Coxe said that she made payments from the Trust sometimes with a check, sometimes with a credit card, and sometimes in cash.

On cross-examination, Mrs. Coxe testified that she did not mind providing information to Daniel about the Trust, but only if the requests were reasonable. Mrs. Coxe said that in her "opinion, asking me for checks is not relevant to how I use the Trust." When asked if she had ever filed for bankruptcy, Mrs. Coxe said the question was "not related to . . . ." The trial court interrupted her and said, "You don't get to make that decision." When asked how many times she had filed for bankruptcy, Mrs. Cox said, "I don't remember. It was a long time ago." The court said, "Hold on. Look at me. Have you filed bankruptcy once?" In response to more questions from the court, Mrs. Coxe said that she had filed for bankruptcy between two and four times, and at least one of those bankruptcies happened after she married Mr. Coxe (March 12, 2012).

A few weeks after the bench trial, the court filed an eight-page written ruling, which cited several opinions and Probate Code sections, and

8

addressed the two controverted issues. The court stated that it "had the opportunity to view the witnesses firsthand seeing the witnesses' demeanor, body language, and facial expressions, while also hearing each of the two witnesses' tone of voice. The court paid close attention to how the witnesses answered questions on both direct and cross-examination, and the court gave weight as appropriate if a witness' demeanor changed between direct and cross examination."

The trial court explained that a contingent remainder beneficiary is a person who receives proceeds from a trust *if* a certain event occurs, while a vested remainder beneficiary is a person who receives proceeds from a trust *when* a certain event occurs. The court found Daniel will receive the Trust proceeds *when* Mrs. Coxe passes away; therefore, Daniel is a vested remainder beneficiary of the Trust.

The trial court found that "based on the evidence introduced during the trial and pursuant to Probate Code sections 16061, 17200(b)(7)(B), and 17206,[2] as well as applicable legal principles, the court *exercises its discretion* to order the Trustee to provide Petitioner with an accounting, and the court further finds that moving forward the Petitioner is entitled to receive relevant documents and information." (Italics added.) The court did not make findings as to whether Mrs. Coxe "breached her fiduciary duties by giving gifts out of the Trust and by the way she invested the Trust related funds. The court does not need to address these allegations by the Petitioner since these allegations are not properly before the court."

The court ordered Mrs. Coxe to provide Daniel and his siblings

---

[2] "The court *in its discretion* may make any orders and take any other action necessary or proper to dispose of the matters presented by the petition . . . ." (§ 17206, italics added.)

within 90 days of the ruling "a code compliant accounting covering the period from the date of death of the settlor . . . through the date of the tentative ruling." The court ordered that the accounting include "all cash transactions, financial transactions, investment transactions, home improvement transactions, and gifts."

The trial court ordered that going forward on an annual basis, Mrs. Coxe was to provide the "remainder beneficiaries with complete copies of all Trust bank statements, Trust financial institutions statements, Trust investment statements, Trust financial brokerage statements, and Trust real estate statements relating to all the activities and the assets of the Trust."

*C. Analysis and Application*

In *Esslinger*, petitioner Stephen Esslinger was a remainder beneficiary of the Esslinger Family Trust. (*Esslinger*, *supra*, 144 Cal.App.4th at p. 520.) "In June 2004, Stephen requested that the Trustee produce trust documents and account to him for the [five-year period] of the request. The Trustee provided Stephen some information but declined to provide him an accounting on the ground he was not entitled to one as a remainder beneficiary." (*Id.* at p. 521.) Stephen later filed a petition for an accounting, which the probate court granted. (*Ibid.*) The Trustee appealed, and the Court of Appeal affirmed. (*Id.* at p. 529.) The appellate court concluded that the probate court did not abuse its discretion when it ordered the trustee to provide Stephen with a formal accounting. (*Id.* at pp. 528–529.)

Similar to *Esslinger*, we find that the trial court did not abuse its discretion. Daniel is a remainder beneficiary who sent a letter to Mrs. Coxe, who is the trustee and current beneficiary. The letter requested information regarding the Trust, which Daniel was entitled to ask for under the Probate

10

Code. (See § 16061.) Mrs. Coxe then provided some information about the Trust, but Daniel testified that he did not find the response to be adequate, so he petitioned the trial court for an accounting, which he was also entitled to ask for under the Probate Code. (See § 17200 (b)(7)(B).)

Daniel testified that the financial information about the Trust that had been provided to him in response to his request was incomplete. For instance, the information provided by Mrs. Coxe did not cover the period of time beginning on the date of the settlor's (Mr. Coxe's) death.

Mrs. Coxe testified that she made security investments with Trust assets, that she had made sizable gifts from the Trust, and that she had previously filed for bankruptcy multiple times. Mrs. Coxe did not recall how many times she had filed for bankruptcy, but she testified that she filed for bankruptcy at least once during her marriage with Mr. Coxe, whom she had married about 12 years prior.

At the conclusion of the trial—and within the bounds of its discretion—the court ordered Mrs. Coxe to provide an accounting. (See *Esslinger*, *supra*, 144 Cal.App.4th at pp. 528–529; see also § 17206.)

Exercises of discretion must be """grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue."""" (*In re D.P.* (2023) 92 Cal.App.5th 1282, 1291.)

Here, the trial court was conversant with the appropriate legal principles regarding its discretion to provide an accounting of a trust to a remainder beneficiary. The court also appeared to thoughtfully consider the testimony of the two witnesses, Daniel and Mrs. Coxe. The court summarized its analysis in an eight-page written ruling, which cited case law and relevant Probate Code statutes. The written ruling also directly answered the two controverted issues it was asked to decide by the parties.

11

In sum, we find that the trial court did not approach its decision in an arbitrary or capricious manner. While we recognize other courts may have perhaps ruled differently, we cannot say that the court's decision requiring Mrs. Coxe to provide Daniel with an accounting of the Trust was in any manner arbitrary or capricious. Indeed, based on our understanding of the facts and the law, we find the court's ruling to be reasonable and fair.

Thus, we affirm the judgment of the trial court.

In this appeal, Mrs. Coxe argues that the "trial court erroneously held *as a matter of law* that a contingent remainder beneficiary is entitled to a full accounting." (Italics added.) Mrs. Coxe further argues that "[b]ecause the trial court's ruling was *based solely on its interpretation of the law*, the Appellate Court's review of the trial court's ruling is *de novo*." (First italics added.) We disagree.

The trial court stated in its written ruling that "*based on the evidence* introduced during the trial . . . as well as applicable legal principles, the court *exercises its discretion* to order the Trustee to provide Petitioner with an accounting." (Italics added.) The court's decision was an application of the law to the facts; therefore, we find the court's ruling to be a discretionary decision rather than a pure legal ruling (a matter of law). (See *Haraguchi v. Superior Court, supra,* 43 Cal.4th at pp. 711–712 ["trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious"], fns. omitted.)

Mrs. Coxe appears to be arguing in her appellate briefs that because the trial court declined to rule as to whether she breached her fiduciary duties (regarding her gifts and investments), then the court did not rely on *any* of the evidence presented during the trial, but rather made a pure

12

legal finding. We find the logic of this argument difficult to follow. The court was not asked to decide whether Mrs. Coxe had breached her fiduciary duties, and an order for an accounting of the Trust funds would seem to be a prudent step before making such a determination.

In any event, Mrs. Coxe's notion that the trial court made a pure legal decision is belied by the court's written statement that it based its decision on the demeanor of the witnesses as well as "on the evidence introduced during the trial." (See *Denham v. Superior Court, supra,* 2 Cal.3d at p. 564 ["'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent'"].)

Mrs. Coxe further argues that *Babbit v. Superior Court* (2016) 246 Cal.App.4th 1135 (*Babbit*), compels a different result. We disagree.

In *Babbitt*, Mary Lynne Babbitt and Leland Babbitt established a trust naming themselves as cotrustees. (*Babbitt, supra*, 246 Cal.App.4th at p. 1139.) When Leland died, the trust was divided into Trust A and Trust B; Trust B (the decedent's trust) became irrevocable, while Trust A (the survivor's trust) remained revocable by Mary Lynne during her lifetime. (*Ibid.*) Leland's daughter from a previous marriage, Carol McCormack, filed a petition under section 17200 to compel Mary Lynne to provide an accounting. (*Babbitt*, at pp. 1139–1140.) The probate court granted McCormack's petition. (*Id.* at pp. 1140–1141.) Mary Lynne then filed a petition for a writ of mandate challenging McCormack's standing to seek an accounting of the revocable Trust A. (*Id.* at p. 1141.)

The appellate court began its analysis by confirming that a beneficiary of an *irrevocable* trust may file a petition under section 17200 for an accounting. (*Babbitt, supra*, 246 Cal.App.4th at p. 1144.) With respect to

13

*revocable* trusts, however, the court found that the duty to account to the trust's beneficiaries is "postponed." (*Id.* at p. 1142.) The appellate court found that McCormack had standing to request an accounting of the irrevocable Trust B, but that she could not seek an accounting for the revocable Trust A. (*Id.* at p. 1143.) The court noted that: "'The interpretation of statutory provisions *bearing on the standing issue* is a question of law.'" (*Ibid.*, italics added.) The court concluded that based on its interpretation of the Probate Code, after a trust becomes irrevocable, its beneficiaries may seek an accounting; however, the accounting will generally be limited to the period of irrevocability. (*Id.* at pp. 1143–1144.)

Here, Mrs. Coxe did not argue in the trial court that Daniel did not have standing to request an accounting of the Trust, and she does not appear to be making that claim on appeal. Further, the Trust in this case plainly became irrevocable upon the death of Daniel's father, the trustor. (See *Starr v. Ashbrook* (2023) 87 Cal.App.5th 999, 1015 ["A revocable trust becomes irrevocable upon the death of the trustor"].) Moreover, Daniel was seeking an accounting beginning on the date of Mr. Coxe's death (when the Trust became irrevocable). Daniel did not petition the court for an accounting for any period preceding the date of death (when the Trust was revocable).

In short, the appellate court's opinion in *Babbit* is readily distinguishable, both on the facts and the law; therefore, it does not alter our analysis that the trial court in this case did not abuse its discretion when it ordered Mrs. Coxe to provide an accounting of the irrevocable Trust to the remainder beneficiaries (Daniel and his siblings).

Finally, Mrs. Coxe also argues that "the trial court incorrectly found the Respondent's interest to be vested rather than a contingent remainder."

14

However, Mrs. Coxe has not stated this argument in a separate heading or subheading, it is not supported by a cogent legal analysis, and it is not supported by any relevant legal citations, so it is forfeited on appeal. (See *Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323 ["Each argument made in an appellate brief must be 'under a separate heading or subheading summarizing the point,' and each point must be supported 'by argument and, if possible, by citation of authority'"].)

Further, Mrs. Coxe has not explained how this purported error regarding the distinction between a vested remainder beneficiary, and a contingent remainder beneficiary is somehow prejudicial. [3] (See *Kaley v. Catalina Yachts* (1986) 187 Cal.App.3d 1187, 1197 ["'The *burden is on the appellant* not alone to show error, but to show *injury* from the error'"].)

---

[3] The relevant Probate Code sections make no distinction between a vested remainder beneficiary and a contingent remainder beneficiary. A trust beneficiary has standing to petition the probate court "concerning the internal affairs of the trust." (§ 17200 (a).) The statute defines "internal affairs of the trust" to include a proceeding "[c]ompelling the trustee to . . . [a]ccount to the beneficiary . . . ." (§ 17200 (b)(7)(C).) Section 24 defines "beneficiary" of a trust to include "a person who has any present or future interest, vested or contingent." (§ 24 (c).)

## III.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to Plaintiff and Respondent Daniel F. Coxe.


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


BANCROFT, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.