[Civ. No. 5219. Second Appellate District, Division Two.—May 6, 1926.]

THEODORA H. MERTENS, Respondent, v. CHARLES KEENE et al., Appellants.

[1] VENDOR AND VENDEE—DEFAULT—UNLAWFUL DETAINER.—A vendee in possession of real property under a contract of purchase is not a tenant, and failure of performance on his part of the contract will not make him a tenant and give the vendor a right of action under the first subdivision of section 1161 of the Code of Civil Procedure, relating to the action of unlawful detainer.

---

1. See 15 Cal. Jur. 852.

[2] ID. — ABANDONMENT OF CONTRACT — PLEADING. — In an action of unlawful detainer against defaulting vendees, an allegation in the complaint of a conclusion to the effect that the vendees abandoned their contract by their "failure, refusal and neglect" to perform the covenants thereof will not' avoid the rule that only a tenant may be sued under the first subdivision of section 1161 of the Code of Civil Procedure.

[3] APPEAL—DENIAL OF MOTION TO QUASH SERVICE OF SUMMONS.—An order of the trial court denying a motion to quash service of summons is not an appealable order.

(1) 36 C. J., p. 617, n. 14, p. 636, n. 59 New, p. 653, n. 24, 25; 39 Cyc., p. 1624, n. 39. (2) 36 C. J., p. 654, n. 37. (3) 3 C. J., p. 436, n. 8.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying motion to quash service of summons. William C. Doran, Judge. Judgment reversed. Appeal from order dismissed.

The facts are stated in the opinion of the court.

Cunningham & Blackburn for Appellants.

George S. Dennison for Respondent.

WORKS, J.—This is an action of unlawful detainer. The complaint alleges two causes of action and judgment went for plaintiff under the allegations of the second of these. It is alleged in that count that on a certain day "plaintiff, as seller, and defendants as purchasers, entered into an agreement for the sale of" certain described real property; that on the same date "defendants entered into possession of said premises, and ever since have been, and now are, in possession of said premises"; that "plaintiff has executed and performed all of the conditions precedent recited in said agreement by her to be performed"; that "on the 1st day of October, 1924, a payment in the sum of Fifty ($50.00) Dollars, by defendants to plaintiff, became due under said agreement, but that defendants failed, refused and neglected, and now fail, refuse and neglect, to make said payment to plaintiff, although repeated demands for the payment thereof have been made by plaintiff of defendants; and that subsequent to said 1st day of October,

1924, additional payments, in the total sum of Four Hundred Twenty-five ($425.00) Dollars, by defendants to plaintiff became due under said agreement, but that defendants have failed, refused and neglected, and now fail, refuse and neglect to make said additional payments to plaintiff, although repeated demands for the payment thereof have been made by plaintiff of defendants''; that ''defendants, by virtue of their failure, refusal and neglect to perform the covenants of said agreement,'' as alleged in the language immediately preceding the present clause, ''did, on the 1st day of October, 1924, abandon said agreement''; that ''a reasonable rental value of said premises is the sum of Fifty ($50.00) Dollars per month''; and that ''plaintiff has frequently, since said 1st day of October, 1924, demanded of defendants to quit and surrender to plaintiff said premises, but that defendants have failed, refused and neglected to so quit and surrender to plaintiff said premises.'' The prayer of the complaint is for ''the restitution of said premises''; for judgment for a certain sum ''as damages for the unlawful detainer of said premises''; that ''said damages be trebled''; and for costs. Upon this count of the complaint the clerk of the trial court issued a summons requiring defendants to answer within three days after the service thereof. The summons was served and defendants moved the court to quash the service on the ground that the complaint fails to state a cause of action in unlawful detainer and that therefore defendants were entitled to ten days within which to answer under the provisions of the statute regulating the matter of service of summons in ordinary civil actions. The motion was by the court denied. Defendants not having appeared in response to the summons, within the time limited thereby, their default was entered, and pursuant thereto judgment was rendered against them ordering a restitution of the premises described in the complaint, ordering the issuance of a writ of restitution, and giving judgment for damages for the detention of the premises. Defendants appeal from the judgment and from the order of the trial court denying their motion to quash the service of summons.

[1] Several questions are made by appellants, but they may all be answered by a solution of this query: Does the second count of the complaint state a cause of action in

unlawful detainer? Except for a point made by respondent and hereafter to be mentioned, this question has been answered by the supreme court. "A vendee in possession is not a tenant in any sense of the word, and only a tenant may be sued under the first subdivision of section 1161 [of the Code of Civil Procedure, relating to the action of unlawful detainer]. The proceeding is purely statutory and is restricted in its operation to those persons specified in the statute. . . . Failure of performance of his part of the contract of sale by the vendee in possession does not make him a tenant. . . . Even a vendee who has defaulted in his promised payments is entitled to an opportunity of showing his equities and presenting his defenses" (*Francis* v. *West Virginia Oil Co.*, 174 Cal. 168 [162 Pac. 394]). [2] Respondent would evade the rule stated in the cited case by pointing to the allegation of the second count of her complaint to the effect that appellants abandoned their contract by their "failure, refusal and neglect" to perform the covenants of the contract of sale mentioned in the pleading. Respondent says she inserted the allegation of abandonment in an endeavor to avoid the rule stated. We cannot regard the attempt as successful. The supreme court having said that the existence of a certain state of facts does not make a vendee in possession a tenant, we cannot sanction the view that an allegation of the mere conclusion that an abandonment arose from the same state of facts, in a given case, can make such a vendee a tenant.

[3] The order of the trial court denying the motion to quash service of summons is not an appealable order (Code Civ. Proc., secs. 956, 963).

The judgment is reversed. The appeal from the order denying motion to quash service of summons is dismissed.

Finlayson, P. J., and Craig, J., concurred.