[Civ. No. 14358. Second Dist., Div. One. Oct. 13, 1944.]

SYLVIA RUTH SAROFF, Respondent, v. LEON E. SAROFF, Appellant.

Albert E. Marks for Appellant.

George I. Devor for Respondent.

DORAN, J.—This is an appeal from an order of the superior court denying the motion of the defendant, Leon E. Saroff, to quash, vacate and set aside the purported service of summons on him. Appellant made a special appearance in the trial court for the purpose of having the service of the summons set aside. Affidavits presented in the court below on said motion were in conflict and the court decided in favor of the validity of the service in question. After filing of the transcript on appeal and before the briefs were filed, a motion was made to dismiss the appeal herein, one of the grounds for dismissal being that the order was not appealable. ■ Although the motion to dismiss the appeal was denied, it appears from an examination of the pertinent code sections, and authority upon the subject in general, that said order is not an appealable order, and this court is therefore without jurisdiction to consider the merits of the points raised by the briefs; and the motion previously made herein to dismiss the appeal should have been granted.

Section 936 of the Code of Civil Procedure provides: "A judgment or order, in a civil action, except when expressly made final by this code, may be reviewed as prescribed in this title, and not otherwise, except as otherwise expressly provided." Section 956 of said code provides that upon an appeal from a judgment the court may review any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment, or which substantially affects the rights of a party. Section 963 provides for the cases in which appeal may be taken from the superior court. There is no express provision therein for an appeal from an order denying a motion to quash service of a summons. Unless such an order could be construed as a final judgment in an action or special proceeding, thus bringing it within the provisions of subdivision 1 of section 963 of the Code of Civil Procedure, the appeal from the order here in question does not appear to be authorized by the Code of Civil Procedure. A special appearance in an action for the purpose of quashing service of a summons is not an action in itself or a special proceeding, but merely a step in an action already commenced by the filing of a complaint. (*Cf.: Murphy v. Davids*, 55 Cal.App. 416, at p. 420 [203 P. 802].) Manifestly, an order denying a motion to quash or vacate service of a summons is not a final order or judgment in an action.

In *Mertens* v. *Keene*, 77 Cal.App. 786 [247 P. 543], the summons in an action in unlawful detainer was served and defendants moved the court to quash the service on the ground that the complaint failed to state a cause of action in unlawful detainer and that therefore defendants were entitled to ten days within which to answer under the provisions of the statute regulating the matter of service of summons in ordinary civil actions. The motion was denied, and defendants not having appeared in response to the summons, within the time limited thereby, their default was entered and judgment rendered accordingly. Defendants appealed both from the judgment and from the order denying the motion to quash service of the summons. The appellate court dismissed the appeal from the order on the ground that such order was not appealable, on authority of sections 956 and 963 of the Code of Civil Procedure. Whether the appearance in *Mertens* v. *Keene, supra,* be construed as a general or special appearance, there appears to be no valid distinction between the order there and the order here in question, insofar as the right of appeal is concerned. The following cases from other jurisdictions are consistent with the conclusion here reached in the light of the code sections above cited. (*Klepper* v. *Klepper,* 51 Nev. 145 [271 P. 336]; *Ellingson* v. *Northwestern Jobbers' Credit Bureau,* 58 N.D. 754 [227 N.W. 360]; *State Tax Commission* v. *Larsen,* 100 Utah 103 [110 P.2d 558]; *Wisconsin Mut. Ins. Co.* v. *Western Mut. Fire Ins. Co.,* (C.C.A. 7), 107 F.2d 402.)

It appears from the record that appellant previously applied for a writ of prohibition with respect to the order here in question, but that the application was denied without a hearing. It should be pointed out that the summary denial of an application for a writ is not necessarily an indication that the court is of the opinion that such writ is not the proper remedy. The application upon its face may show lack of merit.

· For the foregoing reasons the appeal from the order denying the motion to quash service of summons is dismissed.

York, P. J., and White, J., concurred.