[Civ. No. 16830.   Second Dist., Div. Two.   Feb. 8, 1949.]

NORBERT J. THOMAS et al., Appellants, v. FLOYD E. LEE et al., Defendants; HAIR EXPERTS, INC. (a Corporation), Respondent.

Delvy T. Walton for Appellants.

Horgan & McEachen, Martin H. Webster, Robert H. Wyshak and Patrick D. Horgan for Respondent.

McCOMB, J. — Respondent (defendant), Hair Experts, Incorporated, moves to dismiss this appeal from an order, (1) vacating and setting aside the default, and (2) quashing service of summons upon said respondent, *for the reason that such an order is not appealable.*

This proposition is tenable and is governed by these rules:

■ (1) An order granting a motion to set aside a default before a judgment has been entered is a nonappealable order. (*Turner* v. *Follmer,* 84 Cal.App.2d 815 [191 P.2d 777].)

■ (2) An order quashing service of summons is likewise a nonappealable order. *Cf., Saroff* v. *Saroff,* 66 Cal.App. 2d 330, 331 [152 P.2d 333] ; *Mertens* v. *Keene,* 77 Cal.App. 786, 789 [247 P. 543] ; see, also, Code Civ. Proc., §§ 956,[1] 963.[2])

In the present case a judgment had not been entered when the order setting aside the default of defendant and quashing service of summons was made. Therefore the foregoing rules are applicable.

---

[1]Section 956, Code of Civil Procedure reads: ''Upon an appeal from a judgment the court may review the verdict or decision, and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment, or which substantially affects the rights of a party. The court may also on such appeal review any order on motion for a new trial. The provisions of this section do not authorize the court to review any decision or order from which an appeal might have been taken.''

[2]Section 963 of the Code of Civil Procedure reads: ''An appeal may be taken from a superior court in the following cases:

1. From a final judgment entered in an action, or special proceeding, commenced in a superior court, or brought into a superior court from another court;

2. From an order granting a new trial or denying a motion for judgment notwithstanding the verdict in an action or proceeding where a trial by jury is a matter of right, or granting or dissolving an injunction, or refusing to grant or dissolve an injunction, or appointing a receiver, or dissolving or refusing to dissolve an attachment, or changing or refusing to change the place of trial, from any special order made after final judgment, from any interlocutory judgment, order, or decree, hereafter made or entered in actions to redeem real or personal property from a mortgage thereof, or a lien thereon, determining such right to redeem and directing an accounting; and from such interlocutory judgment in actions for partition as determines the rights and interests of the respective parties and directs partition to be made, and interlocutory decrees of divorce;

3. From such probate orders and decrees as are made appealable by the provisions of the Probate Code.''

*State ex rel. Fowler* v. *Moore,* 46 Nev. 65 [207 P. 75, 22 A.L.R. 1101] ; *Carstens* v. *Leidigh & H. Lumber Co.,* 18 Wash. 450 [51 P. 1051, 63 Am.St.Rep. 906, 39 L.R.A. 548] ; *Rosenberg Bros. & Co.* v. *Curtis Brown Co.,* 260 U.S. 516 [43 S.Ct. 170, 67 L.Ed. 372], and *Wade* v. *Wade,* 92 Ore. 642 [176 P. 192, 178 P. 799, 182 P. 136, 7 A.L.R. 1143], are not here controlling for the reason that each of the cited cases is from a jurisdiction outside California, and being contrary to the rule announced by the appellate courts of this state are of no force or effect here.

The motion is granted and the appeal is dismissed.

Moore, P. J., and Wilson, J., concurred.