[Civ. No. 15363. First Dist., Div. One. Sept. 29, 1952.]

JAMES K. KNEELAND, Appellant, v. ETHICON SUTURE LABORATORIES, INC. (a Corporation) et al., Respondents.

David E. Adelson for Appellant.

Brown, Rosson & Berry for Respondents.

BRAY, J.—Defendant Ethicon Suture Laboratories, Inc.,* moved to dismiss plaintiff's appeal from an order quashing service of summons on said defendant.

### QUESTION PRESENTED

Was an order quashing service of summons on a foreign corporation for lack of personal jurisdiction in effect a final judgment and therefore appealable, prior to the amendment of section 963 of the Code of Civil Procedure?

### FACTS

Defendant is a foreign corporation. Service of summons was attempted to be made on it by service on the Secretary of State pursuant to Corporations Code sections 6501 and 6502. Defendant moved to quash that service on the ground that defendant neither owned property nor conducted business in California. The order quashing was made September 13, 1951. Approximately nine days later, September 22, the amendment to section 963, Code of Civil Procedure, expressly allowing appeals from orders quashing service of summons, became effective. Prior to the amendment the section did not expressly provide for an appeal from an order quashing service. Defendant contends that the order is not appealable. Plaintiff contends primarily that even prior to the amendment the order was appealable as the order was in effect a final judgment.

### WAS THE ORDER IN EFFECT A FINAL JUDGMENT?

The test of whether an order is a final judgment is stated in *Lyon* v. *Goss,* 19 Cal.2d 659, 670 [123 P.2d 11]: "As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." See, also, *Sharon* v. *Hill,* 26 F. 337, 389, where appears a discussion of the distinction between a judgment *final* as to subject matter *for the purpose of res judicata* and *final* as to action by the court *for purposes of appeal.*

In *Howe* v. *Key System Transit Co.,* 198 Cal. 525 [246 P. 39], the court held an order striking cross-complaints

---

*Herein referred to as "defendant."

appealable, saying (p. 531): "The theory upon which the decisions sustain the right of appeal from orders, where that right does not rest upon the express provisions of section 963, is that the order is in effect a final judgment against a party in a collateral proceeding growing out of the action —is so far independent of the suit itself as to be substantially a final decree for the purposes of an appeal, although there has been no final decree in the suit."

The order in question here meets the test. While it is true that, in a sense, the action is not final in that the defendant cannot have the action dismissed as against it until the statutory period for lack of prosecution has passed, it is final as to plaintiff in that it has been determined that defendant neither owned property nor did business in this state and hence cannot be served with summons. While the order is not final in the sense that defendant is now entitled to a dismissal of the case against it of record, it is final in the sense that for practical purposes the court's order, so far as plaintiff's right to proceed against defendant is concerned, is tantamount to a dismissal. This is not a case of error in the method of service which can be cured by a new service. It is a determination that, at least under existing conditions, defendant cannot be served. If this adjudication is wrong, as plaintiff contends, he has been denied unfairly an opportunity to have the action of the court reviewed, and in a very real sense the order is final as to him.

There are only two cases in California on the subject of the appealability of this order. In *De Pier* v. *Maddox*, 87 Cal.App.2d 460 [197 P.2d 87], an order was held appealable which quashed service of summons where the summons was served after the expiration of the period which under section 581(a) made the action subject to summary dismissal. It was held that the order terminated the proceedings and hence was appealable. In *Thomas* v. *Lee*, 90 Cal.App.2d 44 [202 P.2d 310], without any discussion of the subject other than a reference to *Saroff* v. *Saroff*, 66 Cal.App.2d 330 [152 P.2d 333], and *Mertens* v. *Keene*, 77 Cal.App. 786 [247 P. 543], an order quashing service of summons was held nonappealable. In both of the last cited cases the orders attempted to be appealed from were not orders *quashing* service but *denying* motions to quash. The Saroff case, in turn, was based on the Mertens case, and on the decision in *Murphy* v. *Davids*, 55 Cal.App. 416 [203 P. 802], itself one in which the order considered *denied* a motion to quash. Obviously

there is a considerable difference in the finality of an order *refusing* to quash service of summons and one *quashing* it. In the one event the case is not ended and the defendant may have the order denying his motion reviewed on appeal from the final judgment. In the other the court's action, to all intents and purposes, is final as to the plaintiff, as there can be no further proceeding against defendant in the case (unless, of course, during the statutory period for service of summons the defendant comes into, or starts doing business within, the state and is served).

It is doubtful if the Thomas case, *supra,* based as it is on cases which were considering a different kind of order, is as authoritative as the earlier De Pier case, *supra,* which considered the very kind of order in question. Particularly is this so in view of the fact that the Thomas case completely ignored the De Pier case. In any event it is obvious that the law in this state on the subject, at the very least, was conflicting. Thus in determining the effect of the amendment to section 963 which expressly allows appeals from orders quashing service, the decision in *Wennerholm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358], is applicable. There the court was considering the effect of the amendment of section 472c which did away with the rule theretofore existing, namely, requiring as basis for an appeal from an order sustaining a demurrer without leave to amend that the appellant first ask the trial court for leave to amend. The amendment expressly stated "provided, however, that this section shall not apply to any pending action or proceeding." In spite of this provision the court held that the amendment did apply to pending actions, saying: "The problem is one of procedure and there are no vested rights which would be impaired by a change in the applicable rule of law." (P. 720.) Having in mind the above mentioned conflict of authority, the liberality expressed in the Wennerholm case and the rule stated in *People* v. *Bank of San Luis Obispo,* 152 Cal. 261, 264 [92 P. 481], "The right of appeal is remedial and in doubtful cases the doubt should be resolved in favor of the right whenever the substantial interests of a party are affected by a judgment," we are constrained to hold that the amendment merely declared the existing law rather than changed it, and that the order in question was appealable prior to the amendment.

The motion is denied.

Peters, P. J., and Wood (Fred B.), J., concurred.