Filed 8/25/25  Berry v. Antelope Valley Hospital CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HEATHER BERRY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ANTELOPE VALLEY HOSPITAL, INC.,<br><br>    Defendant and Respondent. | B336392<br><br>(Los Angeles County<br> Super. Ct. No. 19STCV39139)<br>(Bruce G. Iwasaki, Judge)<br><br>    ORDER MODIFYING OPINION<br>    [NO CHANGE IN JUDGMENT] |

THE COURT:*

It is ordered that the opinion filed herein on August 22, 2025, be modified as follows:

On page 1, in the third paragraph, "Plaintiff and Appellant" should be changed to "Defendant and Respondent."

There is no change in the judgment.

---

*ZUKIN, P. J.          COLLLINS, J.          TAMAZARIAN, J.

Filed 8/22/25 Berry v. Antelope Valley Hospital CA2/4 (unmodified opinion)

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HEATHER BERRY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ANTELOPE VALLEY HOSPITAL, INC.,<br><br>    Defendant and Respondent. | B336392<br><br>(Los Angeles County<br> Super. Ct. No. 19STCV39139) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce G. Iwasaki, Judge. Reversed.

Nosrati Law and Omid Nosrati; Barrera & Associates, Patricio T.D. Barrera and Robert Cooper for Plaintiff and Appellant.

Wilson Elser Moskowitz Edelman & Dicker and Dean A. Rocco for Plaintiff and Appellant.

## INTRODUCTION

Appellant Heather Berry (Berry) is a registered nurse who previously worked for respondent Antelope Valley Hospital, Inc. (the Hospital).  The Hospital fired Berry on November 7, 2018.  Berry sued, asserting seven causes of action related to her employment and termination.  The trial court granted summary adjudication in favor of the Hospital on five of those causes of action.  Having settled the two surviving claims, Berry now appeals the grant of summary adjudication, arguing that two other claims should have survived as well.  We conclude the Hospital failed to meet its initial burden on the motion for summary adjudication because its moving papers did not include admissible evidence relating to Berry's claims or its own defenses.  We further conclude Berry's opposition raised triable issues of fact regarding those claims and defenses.  Therefore, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.     *The Complaint*

On October 31, 2019, Berry filed a complaint asserting causes of action for battery, wrongful termination, retaliation in violation of Labor Code section 1102.5, sex discrimination, retaliation in violation of the Fair Employment and Housing Act (FEHA), failure to prevent discrimination and retaliation, and failure to provide access to her personnel file, against the Hospital and Lawrence Wilson (Wilson).[1]  The complaint alleged that Wilson, a doctor employed by the Hospital, had backed Berry against a wall and run his hand up her sleeve.  According to the complaint, Berry reported the alleged battery and was interviewed about it twice, but no action was taken other than to ensure that she and Wilson were assigned to different patients.

---

[1]     The claims against Wilson were settled and are not part of this appeal.

2

The complaint also alleged Berry had discovered potential issues with the Hospital's water dispenser and a urinalysis machine. Berry alleged that when she filled a cup from the water dispenser, the water had a "foul smell." According to Berry, she tested the water using a urinalysis machine, with the consent and at the direction of the nurse in charge. Repeated tests came back positive for every testable category, from nitrates to proteins to blood. To Berry's mind, this meant one of two things, both bad: either the machine was giving faulty readings, or the water was contaminated. If the machine was giving faulty readings, Berry thought, patients might get misdiagnosed, and consequently, given improper treatment. Berry alleges she reported the issue to the nurse in charge, called the lab, and was instructed to "pull" the machine out of service. She claims the Hospital fired her in retaliation for reporting this issue, and for reporting the alleged battery by Wilson.

II.    *Motion for Summary Judgment*

A.    *Moving Papers*

The Hospital moved for summary judgment, or alternatively, for separate summary adjudication of each cause of action in Berry's complaint. The motion argued Wilson was not an employee of the Hospital and Berry's complaint against Wilson could not be substantiated. The motion also argued Berry was not performing adequately in her role as nurse, Berry should not have tested the water with a urinalysis machine, and Berry had been fired because she gave her findings to everyone within earshot instead of properly reporting them up the chain of command.

The moving papers were deficient in several significant respects. First, the evidence submitted by the Hospital consisted solely of Berry's complaint, an illegible copy of what appeared to be Berry's employment contract, and the

3

portion of the Hospital's own discovery responses that stated its official name and address. Second, the Hospital's separate statement set forth no facts in connection with the motion for summary judgment; instead, it offered 19 facts in support of the alternative motion for summary adjudication on the first cause of action, then incorporated those same facts by reference, without any change or tailoring, for each subsequent claim.[2] (See Code Civ. Proc., § 437c, subd. (b)(1); Cal. Rules of Court, rule 3.1350.) Third, it attached 25 pages of apparent deposition testimony from multiple witnesses directly to the separate statement, without authentication or identification. While one of the witnesses (Berry) can be identified thanks to internal labeling provided by the court reporter, the transcript pages are mixed together, and no name is given for the other witness (or witnesses).

### B.    *Opposition*

Berry opposed the motion, arguing Wilson's employment status presented a triable issue of fact and the Hospital did not conduct a proper investigation of Berry's allegations against Wilson. She also argued she had properly reported both Wilson's behavior and her concerns about the water and the urinalysis machine, but that the Hospital had terminated her immediately after the latter report, which indicated retaliation.

Like the moving papers, the opposition was deficient in significant ways. As the trial court pointed out, the separate statement cited evidence that was not provided. It also repeatedly listed facts as "disputed" without

---

[2]    The separate statement also cites an "AVH Investigatory File of Dr. Lawrence Wilson." No such document appears anywhere in the moving papers.

4

properly disputing them.[3] And multiple deposition transcripts were submitted with pages out of order.

C.    *Reply*

The Hospital's reply focused on what it called Berry's failure "to present admissible evidence" supporting her claim in the opposition papers. For the first time, the Hospital submitted properly authenticated and labeled deposition testimony. The Hospital also submitted a separate "Reply . . . to Plaintiff's Separate Statement," although neither the summary judgment statute nor the rules of court authorize such a document. (See Code Civ. Proc., § 437c; Cal. Rules of Court, rule 3.1350.)

III.   *Ruling*

The trial court heard the motion on October 21, 2022. The court noted deficiencies in the various papers filed by both parties and denied the motion for summary judgment and the alternative motion for summary adjudication in part. It found triable issues of fact on the first cause of action for battery and seventh cause of action for failure to provide Berry with her personnel file.

However, the court concluded Berry's termination was not a result of her sex, so it granted summary adjudication on the cause of action for sex discrimination. Next, it decided Berry had failed to present evidence that the Hospital's proffered reasons for terminating Berry were pretextual, and

_____

[3]    Counsel frequently supplied additional facts to support Berry's arguments instead of supplying evidence to controvert the Hospital's stated facts. Additional facts should be provided elsewhere in the opposition separate statement, as required by California Rules of Court, rule 3.1350(f)(3).

5

therefore granted summary adjudication on the FEHA retaliation claim. Then, it ruled the Hospital would have terminated Berry for legitimate, independent reasons regardless of her reporting about the water and the urinalysis machine, and granted summary adjudication on the retaliation claim under Labor Code section 1102.5. Finally, it held the wrongful termination and failure to prevent claims failed because they were derivative of the sex discrimination and retaliation claims.

The parties subsequently reached a settlement on the claims for battery and failure to provide Berry's personnel file; the settlement resulted in dismissal of those claims and entry of a final judgment. After judgment was entered, Berry timely appealed, challenging the court's grant of summary adjudication on the two retaliation causes of action.

## DISCUSSION

Our review of a summary adjudication order is de novo. (*Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 253 (*Nazir*).) We exercise our independent judgment in determining whether the moving party met its burden. (*Ibid.*) Here, it did not.

The moving party on summary judgment "bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) The moving party also "bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact." (*Ibid.*) A moving defendant must "present evidence" to carry these burdens. (*Id.* at pp. 854–855.) The moving party's evidentiary submission is scrutinized strictly, while the opposing party's

6

evidence is viewed liberally.  (*Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 852.)

I.     *Submission of Evidence*

A.     *Moving Papers*

Here, the Hospital's moving papers were clearly deficient.  Their evidentiary submission consisted of Berry's complaint, an unreadable copy of what appears to be Berry's employment contract, and the Hospital's corporate name and address.  None of this negates any of Berry's claims, nor does it establish any sort of affirmative defense.

The 25 pages of unauthenticated, unidentified, and out-of-sequence deposition testimony attached directly to the Hospital's separate statement do not help either.  Berry is the only witness named in those transcript pages, and her statements do not negate her case or establish an affirmative defense.

Berry's testimony was labeled at the top of each page by the reporter who transcribed the deposition; however, 11 of the pages attached to the Hospital's separate statement were transcribed by a different reporter and bear no such label.  The witness whose testimony appears in those pages is never named; in fact, there is no clear indication that the unlabeled testimony came from only one witness.  Neither the declaration of the Hospital's counsel nor the Hospital's exhibit list mention any witnesses other than Berry.  Nor is the other testimony clearly separated from Berry's testimony.  The two are mixed  together without transition: five pages of Berry's testimony followed by six unlabeled pages, then another nine pages of Berry and another five unlabeled.

The Hospital's separate statement mentions the "Deposition of Andrea Randenberg," but there is no indication that the unlabeled pages corresponded to that deposition. In its order, the trial court said it could not find the deposition of Andrea Randenberg. In a related footnote, the court explained that it opted to reference the Hospital's separate statement rather than its submitted evidence because that evidence was scattered in different places and unlabeled, in violation of California Rules of Court, rule 3.1350.

The trial court has discretion to overlook a violation of California Rules of Court, rule 3.1350. (*Holt v. Brock* (2022) 85 Cal.App.5th 611, 619.) However, it was an abuse of that discretion to do so here. As indicated by the trial court, the violations described above rendered the submitted materials unusable. This caused the trial court to rely on portions of the separate statement that cited only the deposition of Andrea Randenberg, which the court could not locate.[4] To the extent the court considered the unlabeled deposition testimony, or the separate statement's recitation of testimony the court could not find, it erred in doing so.

As already explained, the remaining evidence was clearly insufficient to carry the Hospital's burden on the motion for summary adjudication. The trial courts "labor long and hard" and should feel no obligation to accept defective papers or grant defective motions. (*Nazir, supra,* 178 Cal.App.4th at p. 289; see also *Collins v. Hertz Corp.* (2006) 144 Cal.App.4th 64, 75.) However, we also conclude that, even had the Hospital's moving papers been compliant, Berry's opposition submitted sufficient evidence to show triable issues of fact.

---

[4] The trial court specifically referenced the Hospital's undisputed material facts, Nos. 5 and 18.

B.    *Opposition*

Berry's opposition papers suffered from their own procedural deficiencies. However, the trial court focused on Berry's submission of her own deposition testimony instead of a declaration. The court issued a tentative ruling (later adopted without modification as the order) suggesting Berry's deposition constituted inadmissible hearsay, and her failure to submit admissible evidence could be grounds to grant the motion. However, as the court noted in the tentative, no hearsay objection was ever made by the Hospital. Later, when Berry's counsel cited her deposition at oral argument, the court responded that Berry's deposition transcript was inadmissible: "If you had submitted admissible evidence, you would have a point. . . . But you failed to do that because you believe that a deposition of your client is the same as a declaration. And that is a fatal error."

The Hospital tacitly concedes that excluding Berry's deposition was error. The summary judgment statute, Code of Civil Procedure section 437c, subdivision (b)(2), expressly authorizes the use of depositions in the opposition. And while the court has discretion to enforce the Rules of Court, it does not have discretion to raise its own evidentiary objections. (See Code Civ. Proc., § 437c, subd. (b)(5) ["Evidentiary objections not made at the hearing shall be deemed waived"].)

In its respondent's brief, the Hospital argues only that the trial court did consider Berry's deposition testimony, citing portions of the tentative which reference that testimony, and relying on *Esslinger v. Cummins* (2006) 144 Cal.App.4th 517 (*Esslinger*) for the proposition that the court's written decision is controlling. We are not persuaded, first because the tentative itself contains language about granting the motion due to Berry's failure to submit evidence, and second because the trial court repeatedly insisted at

9

oral argument, held after the tentative was issued, that Berry's testimony could not be considered.

Further, *Esslinger* was a probate case in which the court of appeal declined to use the trial court's comments to determine whether an order was appealable; that decision does not apply here. (*Esslinger, supra*, 144 Cal.App.4th at p. 523.)  It is true that we will not use a trial court's oral comments as a basis to reverse an otherwise correct written order. (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1451.)  However, for the reasons given below, we are not convinced the trial court's order was otherwise correct: Berry's testimony demonstrated triable issues of fact.

## II.  *Triable Issues of Fact*

### A.  *Labor Code section 1102.5*

Berry's complaint alleges a violation of Labor Code section 1102.5, subdivision (b), which prohibits an employer from retaliating against an employee who discloses a violation of, or noncompliance with, the law.  On summary judgment, the Hospital was obliged to demonstrate either that no such protected disclosure "was a contributing factor" in Berry's termination, or that it would have terminated Berry for a legitimate, independent reason even if she had not made a protected disclosure. (Lab. Code, § 1102.6; see also *Lawson v. PPG Architectural Finishes, Inc.* (2022) 12 Cal.5th 703, 712 (*Lawson*).)  The latter showing, known as a "same-decision defense," required support by clear and convincing evidence. (Lab. Code, § 1102.6; *Lawson, supra,* 12 Cal.5th at p. 712.)

The protected disclosure at issue here is Berry's report regarding the water and the urinalysis machine.  The trial court found there was a triable issue of fact regarding whether Berry's report was a contributing factor in her

10

termination.[5]  However, it also found, by clear and convincing evidence, that the Hospital would have terminated Berry for independent, legitimate reasons.[6]  Those reasons were that Berry's use of the urinalysis machine to test water was an improper use of equipment, that Berry improperly "spread" the results and caused a panic, and that Berry failed to report her concerns up the chain of command.

There are triable issues of fact as to whether these reasons were legitimate or independent.  Berry testified that her use of the urinalysis machine was approved by the charge nurse, that she consulted with the charge nurse before she called the lab or informed the next shift about the issues, and that the people on her own shift who learned about the issue learned it because they were present for her discussion with the charge nurse.  Further, as the court pointed out, the Hospital's expression of concern about Berry spreading rumors could also be interpreted as concern that reports would reach regulatory agencies.  Berry testified that when she was

---

[5]  The Hospital argues on appeal that Berry never engaged in protected activity because (1) urinalysis machines are not designed to test water so Berry had no reason to believe her tests produced meaningful results, (2) the charge nurse to whom Berry reported did not have sufficient authority to address the issue, and (3) Berry did not identify what specific statute, rule, or regulation had been violated.  However, these arguments were not raised in the moving papers below, and therefore have been forfeited.  (*Kazelka v. Department of Motor Vehicles* (2025) 109 Cal.App.5th 1239, 1254; see also *Maryland Casualty Co. v. Reeder* (1990) 221 Cal.App.3d 961, 974, fn. 4 (*Maryland Casualty*).)

[6]  It is not clear that the trial court could properly consider the same-decision defense, as it was neither pled in the Hospital's answer nor included in the notice of motion's list of issues.  (See *Nativi v. Deutsche Bank National Trust Co.* (2014) 223 Cal.App.4th 261, 289–290; *Maryland Casualty, supra,* 221 Cal.App.3d at p. 974, fn. 4.)  We need not resolve that question because we conclude there is a triable issue of fact on the same-decision defense.

11

fired, the manager said that Berry had "cost the hospital millions" by allowing information to reach the health department and regulating committees and that Berry could not be trusted. This evidence presents a triable issue concerning the Hospital's motivations.

### B.    *FEHA Retaliation*

To obtain summary judgment on a FEHA retaliation claim, an employer defendant must either negate an element of the employee plaintiff's prima facie case or show a legitimate, nonretaliatory reason for acting against the employee. (See *Swanson v. Morongo Unified School Dist.* (2014) 232 Cal.App.4th 954, 965–966.) Here, the trial court found Berry made a prima facie case that she was terminated for reporting that Wilson harassed her. However, the court also found the Hospital had established a legitimate, nonretaliatory reason for terminating Berry—an alleged lack of professionalism and judgment in both using the urinalysis machine to test the water and sharing her conclusions about the results.

Once evidence to support a legitimate, non-retaliatory reason for termination is proffered, the employee plaintiff has the burden to present evidence showing retaliation was a "substantial motivating factor" in the employer's decision. (See *Featherstone v. Southern California Permanente Medical Group* (2017) 10 Cal.App.5th 1150, 1158–1159.) As the Hospital concedes, this may be done in part by showing the employer's ostensible reason was weak or unsound, and therefore not credible. (*Id.* at p. 1159.)

Berry presented evidence that the Hospital did not adequately investigate her complaint that Wilson harassed her, interviewing Berry twice but Wilson not at all. Berry also presented evidence that the proffered reasons for termination were unsound; she testified that she had used the

12

urinalysis machine to test the water at the direction of the charge nurse, and that she consulted with the charge nurse before speaking to others about the issue. Finally, Berry testified that the manager who fired her said she could not trust Berry, "just like before," which Berry argues was a reference to the harassment complaint.

This evidence is sufficient to establish a triable issue of fact concerning the Hospital's motives. A trier of fact might reasonably infer that the manager's comment was a reference to Berry's harassment complaint. That reference, in combination with the evidence undermining the legitimacy of the Hospital's ostensible reason for termination and the evidence showing an inadequate investigation into the harassment complaint, presents a triable issue as to whether Berry's harassment complaint was a substantial motivating factor in the Hospital's decision to terminate Berry.

## DISPOSITION

The judgment of the trial court is reversed. The court is directed to vacate its order granting the motion for summary adjudication as to the two retaliation causes of action, and enter a new order denying the motion as to those causes of action. Appellant Berry shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

We concur:


COLLINS, J.                          TAMZARIAN, J.


13